UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPP
NORTHERN DIVISION

GREGORY COURTNEY                                    PLAINTIFF

VS.                          CIVIL ACTION NO. 3:21CV589TSL-MTP

UNITED STATES OF AMERICA                            DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of the United

States to dismiss for failure to state a claim pursuant to Rule

12(b)(6) and for lack of subject matter jurisdiction pursuant to

Rule 12(b)(1).  Plaintiff Gregory Courtney opposes the motion,

and the court, having considered the motion and response,

concludes that the motion is well-taken and will be granted.

Plaintiff has brought the present action pursuant to 26

U.S.C. § 7433(a) seeking damages and injunctive relief based on

allegations that the Internal Revenue Service, which claims he

owes over $1.3 million in taxes, penalties and interest, has

wrongfully levied various accounts and property in which he

either owns no interest or which is exempt.[1]  The government

seeks dismissal of plaintiff's complaint on several bases,

---

[1]     Among other allegations, plaintiff avers that the IRS,
under an unfounded alter ego theory, has wrongfully levied over
$50,000 from a business checking account owned by an LLC of
which he is only a member; has issued notices of levy upon a
trust of which only his wife and children are the beneficiaries;
and has levied an exempt retirement account.  He further alleges
that the IRS has wrongfully placed a lien on his personal
residence, thereby preventing its sale.

including that the court lacks jurisdiction due to plaintiff's failure to exhaust his administrative remedies.

Section 7433(a) provides a limited waiver of the government's sovereign immunity for certain taxpayer suits, stating as follows:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a); see also 26 C.F.R. § 301.7433-1(a) (same). The statute limits this sovereign immunity waiver by requiring the taxpayer to file an administrative claim seeking damages under the statute.  See 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded … unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."); see also 26 C.F.R. § 301.7433-1(a) ("An action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e) of this section, and has waited for the period required under paragraph (d) of this section.").  The prescribed administrative procedures require that the taxpayer send a written claim, signed by the taxpayer or his authorized

2

representative, to the Area Director, Attn: Compliance Technical Support Manager, stating his name and address, the grounds for the claim, a description of injuries, and the dollar amount of the claim, 26 C.F.R. § 301.7433-1(e); and he must then wait for a ruling or six months before bringing an action in district court, 26 C.F.R. § 301.7433-1(d).

In response to the government's motion, plaintiff does not deny that he has not filed an administrative claim in accordance with the specific requirements of § 301.7433-1(e). Instead, pointing out that § 7433 requires exhaustion where there is an "available" administrative remedy, he asserts that the IRS has demonstrated a steadfast unwillingness to work with him to resolve his issues, despite his repeated efforts toward that end, and contends that based on the IRS's "non-communicative/non-responsive behavior" to date, there is no "available" administrative remedy for him to exhaust. Plainly, however, plaintiff's unsuccessful efforts to work with the IRS are not a substitute for and do not satisfy or excuse his admitted failure to comply with § 301.7433-1(e). See Lapaglia v. Richardson, 68 F.3d 466 (5th Cir. 1995) (stating that "Section 301.7433-1 provides specific and straightforward instructions as to the appropriate steps to take before filing suit in district court," and affirming dismissal because taxpayers' "Claim for Refund" and correspondence with the IRS

did not fulfill these requirements)[2]; Pinnix v. United States, No. 3:13CV341-HSO-RHW, 2014 WL 764496, at *3 (S.D. Miss. Jan. 10, 2014) (granting government's 12(b)(6) motion upon concluding that court lacked discretion to waive exhaustion requirement, notwithstanding plaintiff's futility argument) (citing Hoogerheide v. I.R.S., 637 F.3d 634, 639 (6th Cir. 2011)(holding that § 7433(d) is mandatory "congressionally established exhaustion requirement, not a judicially created one" and thus, the court "lack[ed] discretion to waive it.")). Because Courtney has not exhausted his administrative remedies, the court lacks jurisdiction over his claim for damages, which will therefore be dismissed. See Glass v. United States, 71 F. App'x 442 (5th Cir. 2003) (stating that § 7433's exhaustion requirement is jurisdictional).

In his complaint, in addition to demanding damages, plaintiff requests that the court "enjoin the IRS from continuing to pursue collection efforts" against certain property; "enjoin the IRS from any further levy actions"; and "order the IRS to release certain levies." The government contends that plaintiff's claim for injunctive relief is barred

---

[2]     Plaintiff, apparently acknowledging that Lapaglia dooms his position on exhaustion, argues that the Fifth Circuit's interpretation of § 7433(d)(1) "does not comport with the clear and unambiguous language contained within such provision and is unreasonably prejudicial to the taxpayers." This argument is wholly unfounded.

4

by the Anti-Injunction Act, which states that, with certain
exceptions not implicated here, "no suit for the purpose of
restraining the assessment or collection of any tax shall be
maintained in any court by any person, whether or not such
person is the person against whom such tax was assessed."  26
U.S.C. § 7421.  The Supreme Court has explained that the
principal purpose of the Anti-Injunction Act is to preserve the
Government's ability to assess and collect taxes expeditiously
with "a minimum of preenforcement judicial interference" and "to
require that the legal right to the disputed sums be determined
in a suit for refund."  Bob Jones Univ. v. Simon, 416 U.S. 725,
736, 94 S. Ct. 2038, 2045, 40 L. Ed. 2d 496 (1974) (citing
Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.
Ct. 1125, 8 L. Ed. 2d 292 (1962)).

    Plaintiff argues in response that his claim fits within a
recognized exception to the Anti-Injunction Act that applies
where (1) "it is 'clear that under no circumstances could the
government ultimately prevail' and (2) 'equity jurisdiction'
otherwise exists, i.e., the taxpayer shows that he would
otherwise suffer irreparable injury."  Commissioner v. Shapiro,
424 U.S. 614, 627, 96 S. Ct. 1062, 1070, 47 L. Ed. 2d 278 (1976)
(quoting Williams Packing, 370 U.S. at 7, 82 S. Ct. at 1129).
Plaintiff must satisfy both prongs to successfully invoke this
exception.  Id. at 629, 96 S. Ct. at 1071.  Under the first

prong, plaintiff must demonstrate that the government's claim is baseless, i.e., that it is "manifest, under the most liberal view of the law and the facts, that the government cannot prove its claim." Id.  Plaintiff generally argues that the government's position is unfounded on the facts and/or the law, but he has not actually *demonstrated* that the government, viewing the facts and law liberally in favor of the government, *cannot prove its claims*.[3]

On the second prong, in reply to the government's argument that he has an adequate remedy at law in that he could pay the tax and sue for a refund, see Smith v. Booth, 823 F.2d 94, 97–98 (5th Cir. 1987) (holding that "equitable jurisdiction does not

---

[3]    The Supreme Court held in Shapiro that while the taxpayer has the ultimate burden to prove the Williams Packing exception applies, he is not required to *plead* specific facts which, if true, would establish that the government cannot ultimately prevail.  Comm'r v. Shapiro, 424 U.S. 614, 629, 96 S. Ct. 1062, 1071, 47 L. Ed. 2d 278 (1976).  The Court further held that because a determination of whether the government can prevail is to be made based on the information available to the government at the time of suit, the government must in some way disclose the basic facts that support its position before plaintiff can be expected to show that the government will under no circumstances prevail.  Id. at 628, 96 S. Ct. 1071.  See also Kemlon Prod. & Dev. Co. v. United States, 638 F.2d 1315, 1323 (5th Cir.), modified, 646 F.2d 223 (5th Cir. 1981) (recognizing Shapiro requirement of coming forward with the basic facts from which it appears the government may prevail).  Plaintiff herein does not contend that the government has not disclosed to him the factual and/or legal bases for its position on his claims. Even if the government has not done so, however, plaintiff still has not demonstrated that the exception applies because he has not satisfied his burden to show he has no adequate remedy.

exist here because it is well established that a taxpayer's
right to sue for a refund under 26 U.S.C. § 7422 provides an
adequate remedy at law"), plaintiff argues that "[t]he actions
of the IRS have caused [it] to be an impossibility" for him to
"somehow 'drop everything' and just pay the entire balance and
sue for a refund."  Even assuming a taxpayer's inability to pay
would support application of this exception –- and the court is
not persuaded that it would -- plaintiff has not pled, much less
proven, that he is unable to pay and/or that no other remedy is
available to him.  See <u>Shapiro</u>, 424 U.S. at 629, 96 S. Ct. at
1071 (stating that "[t]he taxpayer himself must … plead and
prove facts establishing that his remedy in the Tax Court or in
a refund suit is inadequate to repair any injury that might be
caused by an erroneous assessment or collection of an asserted
tax liability.").  The court thus concludes that the Anti-
Injunction Act bars plaintiff's claims for injunctive relief.

Based on the foregoing, it is ordered that defendant's
motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 2nd day of February, 2022.


_/s/ Tom S. Lee_____

UNITED STATES DISTRICT JUDGE